IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CRAWFORD and DHINA CRAWFORD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: |
| ) | |
| PENN NATIONAL GAMING, INC.., ) | |
| d/b/a HOLLYWOOD CASINO JOLIET, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, JAMES CRAWFORD, and DHINA CRAWFORD by and through their attorney, Robert J. Rooth of THE ROOTH LAW FIRM, A Professional Corporation, and complaining against the Defendant, PENN NATIONAL GAMING, INC., d/b/a HOLLYWOOD CASINO JOLIET, states as follows:

**JURISDICTION**

1. That Plaintiff, JAMES CRAWFORD and DHINA CRAWFORD is a citizen of the State of Massachusetts, domiciled in the City of New Bedford, Massachusetts.

2. That Plaintiff, DHINA CRAWFORD is a citizen of the State of Massachusetts, domiciled in the City of New Bedford, Massachusetts.

3. That the Defendant, PENN NATIONAL GAMING, INC., d/b/a HOLLYWOOD CASINO JOLIET is a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business located in Wyomissing, Pennsylvania.

4. That this cause of action arises from an injury that occurred aboard a vessel on navigable waters, and this action arises from an injury caused by a casino bench which was a fixture, furniture, or appurtenance of a vessel on navigable waters.

5. That this Court has all proper jurisdiction to adjudicate this admiralty claim pursuant to the 'savings to suitors' clause of 28 USC 1333(1) and the 'extension of admiralty' clause of 46 USC 30101.

6. That this cause involves an amount in controversy in excess of Seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

7. That subject matter jurisdiction is also proper pursuant to 28 U.S.C. Sec. 1332.

**VENUE**

1. That the occurrence giving rise to this litigation occurred within the Northern District of Illinois in the City of Joliet, Illinois.

2. That venue is proper within the Northern District of Illinois pursuant to 28. U.S.C. Section 1391.

**COUNT I**

1. That on and before May 27, 2013 and at all times relevant herein, Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET owned, operated, maintained and managed a casino business, commonly known as the HOLLYWOOD CASINO JOLIET aboard a vessel on navigable waters, and moored on the western bank of the Des Plaines River at 777 Hollywood Boulevard in Joliet, Illinois, 60436.

2. That at the time and place referred to in Paragraph One above, and at all times relevant herein, Plaintiff, JAMES CRAWFORD, was a patron lawfully present within the premises of the casino business aboard this vessel described above.

3. That at the time and place referred to in Paragraph One above and at all times relevant herein, Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, owed Plaintiff, a duty to

exercise reasonable and ordinary care for his safety by maintaining a reasonably safe premises aboard this vessel described above.

    4.    That notwithstanding the duty that it owed to Plaintiff, Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, breached that duty by committing one or more of the following acts or omissions:

    (a)    Carelessly and negligently failed to construct, maintain, or repair a certain casino bench such that it was reasonably safe for its intended purpose of seating for casino patrons; or

    (b)    Carelessly and negligently failed to inspect a certain casino bench in order to ensure that it was reasonably safe for its intended purposes of seating for patrons; or

    (c)    Carelessly and negligently failed to discover that a certain casino bench was dangerously unsafe for its intended purpose of seating for casino patrons; or

    (d)    Carelessly and negligently failed to ensure that a certain bench was reasonably safe for its intended purposes of seating for casino patrons; or

    (e)    Carelessly and negligently failed to warn casino patrons that a certain bench was dangerous and unsafe for its intended purpose of seating for casino patrons; or

    (f)    Carelessly and negligently failed to prevent casino patrons from sitting on a bench which was dangerous and unsafe for its intended purpose.

    5.    That as a direct and proximate result of one or more of the foregoing acts or omissions of Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET by and through its employees and agents, a casino seating bench broke apart when the Plaintiff, JAMES CRAWFORD sat down on it, thereby causing him to suddenly and violently fall to the ground.

6. That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, Plaintiff, JAMES CRAWFORD sustained serious and permanent personal injuries, thereby causing him to endure great physical and emotional pain and suffering, further causing him to incur large monetary expense in seeking the medical cure, care and treatment for said injuries, further causing him to lose monetary gains from his employment, further causing him to become disabled and unable to attend to the ordinary affairs of his life.

WHEREFORE, the Plaintiff, JAMES CRAWFORD, prays for judgment against the Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, in the amount of TWO MILLION DOLLARS ($2,000,000.00), plus the costs of this lawsuit.

**COUNT II**

1. That on or before May 27, 2013 and at all times relevant herein, Defendant PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, was an Illinois corporation, which owned, operated, maintained and managed a business, commonly known as the HOLLYWOOD CASINO JOLIET, located at 777 Hollywood Boulevard, Joliet, Illinois, 60436.

2. That at the time and place referred to in Paragraph One above and at all times relevant herein, Plaintiff, JAMES CRAWFORD, was present lawfully on the premises located at 777 Hollywood Boulevard, Joliet, Illinois, 60436.

3. That at the time and place referred to in Paragraph One above and at all times relevant herein, Defendant PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD

CASINO JOLIET by and through its employees and agents, owed Plaintiff, a duty to exercise reasonable and ordinary care for his safety by maintaining a reasonable safe premises.

    4.    That notwithstanding the duty that it owed to Plaintiff, Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, breached that duty by committing one or more of the following acts or omissions:

    (g)    Carelessly and negligently failed to construct, maintain, or repair a certain casino bench such that it was reasonably safe for its intended purpose of seating for casino patrons; or

    (h)    Carelessly and negligently failed to inspect a certain casino bench in order to ensure that it was reasonably safe for its intended purposes of seating for patrons; or

    (i)    Carelessly and negligently failed to discover that a certain casino bench was dangerously unsafe for its intended purpose of seating for casino patrons; or

    (j)    Carelessly and negligently failed to ensure that a certain casino bench was reasonably safe for its intended purposes of seating for casino patrons; or

    (k)    Carelessly and negligently failed to warn casino patrons that a certain casino bench was dangerous and unsafe for its intended purpose of seating for casino patrons; or

    (l)    Carelessly and negligently failed to prevent casino patrons from sitting on a certain casino bench which was dangerously unsafe for that intended purpose.

    5.    That as a direct and proximate result of one or more of the foregoing acts or omissions of Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, a casino seating bench broke apart when the Plaintiff, JAMES CRAWFORD sat down on it, thereby causing him to suddenly and violently fall to the ground.

6. That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, by and through its employees and agents, Plaintiff, JAMES CRAWFORD sustained serious and permanent personal injuries, thereby causing him to endure great physical and emotional pain and suffering, further causing him to incur large monetary expense in seeking the medical cure, care and treatment for said injuries, further causing him to lose monetary gains from his employment, further causing him to become disabled and unable to attend to the ordinary affairs of his life.

WHEREFORE, the Plaintiff, JAMES CRAWFORD, prays for judgment against the Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, in the amount of TWO MILLION DOLLARS ($2,000,000.00), plus the costs of this lawsuit.

**COUNT III**

1 - 6. Plaintiff, DHINA CRAWFORD, re-alleges and incorporates by reference Paragraphs One – Six of Count I as Paragraph One – Six of Count III as if fully alleged and set forth herein.

7. That at all times relevant herein, Plaintiff, DHINA CRAWFORD was the lawfully wedded wife of Plaintiff, JAMES CRAWFORD.

8. That as a further direct and proximate result of one or more of the foregoing acts or omissions described in Paragraph Four above, Plaintiff, DHINA CRAWFORD, has suffered the loss of consortium and loss of services of her husband, JAMES CRAWFORD.

WHEREFORE, the Plaintiff, DHINA CRAWFORD, prays for judgment against the Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, in the

amount FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this lawsuit.

## COUNT IV

1.– 6. Plaintiff, DHINA CRAWFORD, re-alleges and incorporates by reference Paragraphs One – Six of Count II as Paragraph One – Six of Count IV as if fully alleged and set forth herein.

7. That at all times relevant herein, Plaintiff, DHINA CRAWFORD was the lawfully wedded wife of Plaintiff, JAMES CRAWFORD.

8. That as a further direct and proximate result of one or more of the foregoing acts or omissions described in Paragraph Four above, Plaintiff, DHINA CRAWFORD, has suffered the loss of consortium and loss of services of her husband, JAMES CRAWFORD.

WHEREFORE, the Plaintiff, DHINA CRAWFORD, prays for judgment against the Defendant, PENN NATIONAL GAMING, INC. d/b/a HOLLYWOOD CASINO JOLIET, in the amount FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this lawsuit.

s/ Robert J. Rooth  
Robert J. Rooth

Attorney for Plaintiff  
THE ROOTH LAW FIRM, A Professional Corporation  
1330 B Sherman Avenue  
Evanston, Illinois 60201  
847.869.9100  
ARDC No.:  6188521